IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MICAH CHEZUM,** | ) |
| | ) |
|       **Plaintiff,** | ) |
| | ) |
| **vs.** | )   Case No. 3:24-CV-1658-MAB |
| | ) |
| **CHRISTINA SIMMONS,** *et al.*, | ) |
| | ) |
|       **Defendants.** | ) |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is before the Court on Defendants Jason Furlow, Niel Kellerman, Rose Loos, and Christina Simmons' Motion for Summary Judgment on the Issue of Exhaustion (Doc. 37). The Court initially reviewed and denied Defendants' motion as to Counts 1 and 2 because the evidence demonstrated genuine issues of material fact existed, thereby precluding summary judgment in Defendants' favor (*see* Doc. 46).[1] However, pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), the Court provided Defendants with the option to request an evidentiary hearing if they wished to further contest the specific, dispositive factual issues of whether: (1) Plaintiff timely appealed Grievance No. K4-1023-1130 to the ARB, but that appeal was then lost, destroyed, or ignored; and (2) Plaintiff timely filed another grievance addressing the issues raised in Counts 1 and 2 of his Complaint, which was then lost, destroyed, or ignored (*see* Doc. 46 at pp. 16-17).

---

[1] Conversely, the Court's Order granted Defendants' exhaustion-based summary judgment motion on Count 3 for the reasons stated therein (*see* Doc. 46 at pp. 16-17). Therefore, Count 3 has already been dismissed without prejudice and is not further considered or discussed in this Order (*see Id.*).

Defendants timely made such a request (Doc. 47) and a *Pavey* hearing was held on February 24, 2026 (*see* Docs. 52, 53). At that hearing, the Court heard testimony from Plaintiff, ARB Chairperson Jeremy Bonnett, and Menard Grievance Officer Lance Phelps (Doc. 55).

For the reasons stated on the record, including the consistency of Plaintiff's testimony, the additional evidence supporting his claimed attempts to file relevant grievances and appeal Grievance No. K4-1023-1130 to the ARB, and Defendants' failure to cast any doubt on or identify any holes in Plaintiff's version of events, the Court finds Defendants have not met their burden of proof by demonstrating that Plaintiff did not exhaust his administrative remedies as to Counts 1 and 2 (*Id.*). Consequently, Defendants' Motion for Summary Judgment on the Issue of Exhaustion is **DENIED as to Counts 1 and 2** (Doc. 37).

## Conclusion

Defendants' Motion for Summary Judgment on the Issue of Exhaustion is **DENIED as to Counts 1 and 2** (Doc. 37). Accordingly, this matter shall proceed on Plaintiff's Eighth Amendment claims raised in Counts 1 and 2 (*see* Docs. 18, 46). The stay on merits-based discovery (*see* Doc. 33 at pp. 5-6) is **LIFTED** and the parties can proceed with discovery on the merits of Plaintiff's claims in Counts 1 and 2. A new schedule will be entered by separate order.

IT IS SO ORDERED.

DATED: February 24, 2026

                                              s/ Mark A. Beatty
                                              MARK A. BEATTY
                                              United States Magistrate Judge